

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRETA CRAWFORD** | **MISCELLANEOUS** |
| **VERSUS** | **NO: 06-0168-LMA-SS** |
| **NEW ORLEANS DISTRICT ATTORNEY'S OFFICE** | |

### ORDER

PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE NEW ORLEANS DISTRICT ATTORNEYS OFFICE AND REQUESTS FOR SANCTIONS AND COSTS

**DENIED**

The plaintiff, Greta Crawford ("Ms. Crawford"), is proceeding in proper person in "Greta Crawford v. United States of America and Department of Homeland Security," Civil Action No. 2:04-CV-2619-L on the docket of the United States District Court of the Northern District of Texas (the "Texas action"). On January 12, 2006, Ms. Crawford filed a motion to compel discovery from the District Attorney for the City of New Orleans ("DA") for use in the Texas action. The Clerk for the Eastern District of Louisiana did not present the motion to the undersigned for action until January 30, 2006. Ms. Crawford requested that the motion be set for submission prior to February

7, 2006, which was the deadline for discovery in the Texas action. Because the DA is operating in temporary quarters and with serious staffing shortages, the motion was set for submission on February 22, 2006. Rec. doc. 2.

> Ms. Crawford describes the circumstances supporting her motion to compel as follows:
>
> This case (the Texas action) is an appeal of a suitability determination for prospective employment as an Immigration Inspector with the Immigration and Naturalization Service ["INS"] of DHS. INS leveled six claims against the plaintiff and lost four claims administratively. Suitability determinations will not be upheld where in violation of procedure or law. 5 U.S.C. § 2302(b)(4) (unlawful to "deceive or willfully obstruct any person with respect to such a person's right to compete for employment"). The plaintiff's affirmative claims include a whistle blowing claim. Part of this claim involves excessive interference with the plaintiff while she worked in Louisiana, which included inauthentic documents and unlawful entrances into the plaintiff's home and workplace, US Courts, in 1994 and 1995. After the plaintiff left Louisiana in late 1995, antagonization, some aimed at prying into Louisiana, was ongoing.
>
> The NODAO undertook to review some of these matters for the plaintiff in May 2000. Once, the district attorney sent a government actor to view the plaintiff as she spoke to her from a pay telephone in Las Vegas, Nevada. At one point, a district attorney claimed that there were DNA samples, including the plaintiff's DNA. The plaintiff seeks to discover these materials which would show an assault of the plaintiff.

Rec. doc. 1 at pp. 1-2 (footnote omitted).

The DA reports that: (1) all closed files are currently inaccessible; (2) Ms. Crawford failed to provide a case number; and (3) a diligent search of the Orleans Parish Criminal District Docket Master system did not reveal a case involving Ms. Crawford. Neither the motion to compel nor the subpoena provide any document from the DA's alleged investigation (for example a letter from the DA to Ms. Crawford) that would aid the DA in retrieving the information. In these circumstances, Ms. Crawford's motion must be denied.

IT IS ORDERED that Ms. Crawford's motion to compel discovery from the New Orleans District Attorney's Office and request for sanctions and costs (Rec. doc. 1) is DENIED.

New Orleans, Louisiana, this 23rd day of February, 2006.

SALLY SHUSHAN
United States Magistrate Judge